IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT E. TODD, :
:
    Plaintiff, :
:
vs. : CIVIL ACTION 09-0318-M
:
MICHAEL J. ASTRUE, :
Commission of Social Security, :
:
    Defendant. :

## MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff's attorney's Petition for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 27) and Defendant's Response (Doc. 28). After consideration of all pertinent materials in the file, it is **ORDERED**, without objection by the Government, that Plaintiff's attorney's Motion be **GRANTED**; that Plaintiff's attorney, Byron A. Lassiter, be **AWARDED** a fee in the amount of $1,939.75 for his services before this Court; that Lassiter be allowed to **RETAIN** $3,548.39, the amount previously awarded under EAJA; that Lassiter pay Plaintiff $1,939.75, the sum representing the fee being awarded under § 406(b); and that Lassiter be **AWARDED** the amount of $350.00, representing the Court filing fee, pursuant to the previous Order and Judgment,

1

entered on March 3, 2010 (Docs. 25-26).

Plaintiff hired Lassiter on August 22, 2006 to pursue his claims for a period of disability, disability insurance benefits, and Supplemental Security Income (see Doc. 27, p. 1). Lassiter has provided an Agreement in which Todd agreed that Lassiter would receive twenty-five percent of past-due benefits paid to Plaintiff; a written contingent fee agreement was executed by Plaintiff on June 12, 2009 (Doc. 27, Exhibit C).

For the past approximately five years and two months, Counsel has prosecuted Plaintiff's claims before both the Social Security Administration (hereinafter *SSA*) and this Court, commencing a civil action here on June 5, 2009 (Doc. 1). On November 9, 2009, the undersigned entered a Memorandum Opinion and Order and Judgment in which the decision of the Administrative Law Judge (hereinafter *ALJ*) was reversed and this action remanded for further administrative proceedings (Docs. 17-18). On remand, the ALJ rendered a fully favorable decision on February 14, 2011, finding Plaintiff entitled to disability benefits (see Doc. 27, pp. 2-3; see also Exhibit B).

On September 22, 2011, Plaintiff's Counsel received a Notice of Award from the SSA, stating that the amount of $7,939.75, representing twenty-five percent of Plaintiff's past-

due benefits, had been withheld for payment of authorized attorney fees (Doc. 27, Exhibit B, p. 3).  Lassiter has received $6000.00 in administrative attorney fees and now requests a fee in the amount of $1,939.75 for his services before this Court; together, these sums equal twenty-five percent of Plaintiff's past-due benefits.

On October 11, 2011, Lassiter filed the pending Motion, requesting approval of a fee in the amount of $1,939.75 (Doc. 27).  Since filing this action on June 5, 2009, Counsel has spent a total of 20.70 hours representing Todd before this Court (Doc. 27, Exhibit A).  Defendant has provided no objection to the requested fee (Doc. 28).

The Social Security Act provides that when a court renders a favorable judgment to a Social Security claimant "who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."  *Id.*  Thus, the Act "provides for contingent fees to be charged *to the client*, with the amount to be set by

the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citations omitted) (emphasis in original).

The Supreme Court, in *Gisbrecht v. Barnhart*, 535 U.S. 789, 805-07 (2002), concluded that Congress designed § 406(b) to monitor fee agreements between Social Security benefits claimants and their counsel. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The only boundaries made by Congress are that the fee cannot exceed twenty-five percent of the total disbursement and that the "fee sought [be] reasonable for the services rendered." *Id.*

The fee provided for in § 406(b) is in addition to that provided in § 406(a) which states that the Commissioner may award attorney's fees to a successful claimant's attorney for work performed before the SSA. Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fee a claimant's attorney may receive pursuant to EAJA, 28

4

U.S.C. § 2412, if the Commissioner's position before the Court was not "substantially justified." *Gisbrecht*, 535 U.S. at 796. In order to avoid a double recovery, a claimant's attorney who is awarded attorney's fees under both § 406(b) and EAJA must refund the lesser amount to his or her client. *Id.*

The *Gisbrecht* Court did not set out the specific facts that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement. It did, however, point to the following factors which may be considered in reviewing for reasonableness: (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement; and (6) a requirement that the requested fee does not exceed twenty-five percent of past-due benefits. *See Gisbrecht*, 535 U.S. at 808.

After reviewing the fee petition and accompanying documents, the Defendant's response, and the guidance provided by *Gisbrecht* and the opinions cited above, the Court finds that Lassiter has diligently represented Plaintiff since June 5, 2009 in this Court and has been successful in obtaining past-due benefits for Plaintiff. There is no evidence that Lasssiter

5

contributed to any undue delay in this action, either before the Commissioner or this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement. Plaintiff has signed a fee agreement in which he agrees to the fee being requested by Lassiter. The total fee requested does not exceed twenty-five percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with his attorney. The Court finds that the requested fee of $1,939.75 is reasonable for the services rendered before this Court.

By Memorandum Opinion and Order and Judgment entered on March 1, 2010 (Docs. 21-22), the Commissioner was ordered to pay Plaintiff's Counsel $3,548.39 in fees pursuant to Equal Access to Justice Act. An Amended Opinion and Order, and the corresponding Judgment, were entered on March 3, 2010, ordering the Commissioner to pay Plaintiff's Counsel $3,548.39 in fees, plus $350.00 for a court filing fee, for a total of $3,898.39 (Docs. 25-26). Plaintiff's Counsel has informed the Court that he never received the $350.00 and requests that that amount be added to his total reimbursement (Doc. 27, p. 6 n.2); that request is **GRANTED**. In the instant Motion, Lassiter requests the Court to include in its order a provision that he pay

Plaintiff $1,939.75, the sum representing the fee awarded under § 406(b) (Doc. 27, pp. 6-7); this is the lesser amount awarded under § 406(a) and § 406(b) and, as instructed by *Gisbrecht*, needs to be returned to Todd to avoid Lassiter enjoying a double recovery.

Therefore, it is **ORDERED**, without objection from Defendant, that Plaintiff's attorney's Motion for Attorney's Fees be **GRANTED** and that Plaintiff's attorney be **AWARDED** a fee in the amount of $1,939.75 for his services before this Court. It is **FURTHER ORDERED** that Lassiter be allowed to **RETAIN** $3,548.39, the amount previously awarded under EAJA, and that he pay Plaintiff $1,939.75, the sum representing the fee being awarded under § 406(b). Finally, it is **ORDERED** that Plaintiff's attorney be **AWARDED** the amount of $350.00, representing the Court filing fee, pursuant to the previous Order and Judgment, entered on March 3, 2010 (Docs. 25-26).

DONE this 24th day of October, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE